*East'n. District.*
*May 1825.*

MILLAUDON
*vs.*
ARNOUS & AL.

## JOHNSON vs. BROWN.

APPEAL from the court of the third district.

MATHEWS, J. delivered the opinion of the court. This suit was originally commenced in the court of probates for the parish of West Feliciana, in which judgment being rendered for the defendant the plaintiff appealed to the district court, and having there met with no better success, he appealed to this court. The judg-

A curator is
*functus officio,*
at the end of
the year; and
then the court
of probates has
no longer any
jurisdiction
over him.

ment pronounced by the court of probates is on the merits of the case. That of the district court is confined to an exception or plea to the jurisdiction of the court in which the action began.

The petition after stating the cause of action prays that Brown may be cited to defend, as curator of the estate of one Bates, alleging at the same time that the period allowed by law to curators to settle accounts, had elapsed, viz. more than a year and a day from the appointment of the defendant. He is charged with mismanagement of the affairs of said estate, and the petitioner prays judgment against him for the amount of his claim, and also to have certain property sold to satisfy said judgment on which he pretends to have a privilege.

The defendant pleaded a settlement of his accounts as curator, the expiration of all power and agency as such, and that if he had mismanaged the estate he was only personally liable to an action, and that in the courts of ordinary jurisdiction. This exception was sustained by the district court, and the suit ordered to be dismissed. This judgment we believe to be correct. A curator is according to law *functus officio* after the expiration of a year.

East'n. District.
*May* 1825.

JOHNSON
*vs.*
BROWN.

*Civ. Code*, 130. He must then render an account of what he has done relative to an estate placed under his management; he must show what he has done in relation thereto; but cannot be compelled to do more under an authority which has ceased. If during the year, any agency has been commenced, which from occurrences could not be completed within the time limited by law for the duration of the functions of a curator, there would be much reason in favor of such a construction as would extend his power to the completion of business thus begun. Or when a suit had been brought against one as curator, and before, in due course of proceeding, it could be terminated the office expired by legal limitation; there would be some force in an application on the part of the plaintiff to be allowed to proceed to final judgment. But when, as in the present case, no step has been taken during the year, we are of opinion that the suit against the defendant in his capacity as curator cannot be maintained, and that the court of probates had not jurisdiction.

It would therefore be proper to affirm the judgment of the district court with costs; but

the judge *a quo* has adduced no reason in his judgment as required by the constitution.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be avoided, reversed and annulled; and proceeding here to give such judgment as ought there to have been rendered. It is further ordered, adjudged and decreed, that the plaintiff's suit be dismissed from the inferior courts at his costs, and that the defendant and appellee pay the costs of the appeal to the supreme court.

*Watts and Lobdell* for the plaintiff, *Woodroof* for the defendant.